IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON JAMES HYATT,

                          Plaintiff,                       OPINION AND ORDER

    v.
                                                              16-cv-383-wmc

PORTAGE COUNTY JAIL,
LINCOLN COUNTY JAIL and
WAUPACA COUNTY JAIL,

                          Defendants.

---

*Pro se* plaintiff Jason James Hyatt brings this action under 42 U.S.C. § 1983, alleging that the Portage County Jail, Lincoln County Jail and Waupaca County Jail each has violated a number of his constitutional rights. Hyatt's complaint is before this court for screening pursuant to 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, Hyatt may not proceed with any of his claims at this time because there are a number of problems with his complaint. Accordingly, the court will give Hyatt the opportunity to file an amended complaint that corrects these problems, which I discuss in more detail below. If Hyatt does not file a proper amended complaint, then it is likely that the court will dismiss his lawsuit.

OPINION

I.      **Improper Defendants.**

      As a starting point, Hyatt has failed to name any suable defendants in the caption of his complaint. The only defendants he names are the three county jails, but jails are just buildings -- they are not suable entities under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent that Hyatt is seeking money damages,

he must name a human defendant who was personally involved in and responsible for the claimed constitutional violations. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'"); *brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). If Hyatt is seeking injunctive relief against the jails, then he must name a high-ranking person at each jail–and name that person in his or her official capacity–who would have the authority to implement the injunction. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Finally, if Hyatt is contending that any alleged constitutional violation occurred as a result of specific policy or custom of the county in whose jail he was being held, then he may sue that relevant county, so long as he can allege specific facts from which this court could infer that it was the county's policy or custom that caused the violation of Hyatt's constitutional rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). At this point, Hyatt has failed to name any defendants who meet these requirements. This is enough by itself to send the complaint back to Hyatt for a do-over. But there's more:

II.     **Rules 8 and 20 of the Federal Rules of Civil Procedure.**

Next, Hyatt cannot proceed with his complaint because it violates Rules 8 and 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits a plaintiff from asserting unrelated claims against different sets of defendants in the same lawsuit. A plaintiff cannot group a bunch of defendants into one lawsuit unless: (1) the plaintiff states at least one claim for relief against each defendant that arises out of the same transaction or occurrence or the same series of transactions or occurrences; and (2) the plaintiff's claims against these defendants

also present questions of law or questions of fact that are common to all of them. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In his complaint, Hyatt alleges 18 different types of claims arising out of his detention at three different jails, and he implicates many possible defendants but as already noted, has named no one.  In particular, Hyatt alleges that he has been detained pretrial since October 2013 at the Portage County Jail, the Lincoln County Jail and the Waupaca County Jail.  Hyatt alleges that while he has been detained at these jails, he has suffered "a variety of deliberate, routine abuses and systematic violations of [his] rights."  (Plt.'s Cpt., dkt. 1, at 3.)  Here are the categories of misbehavior by state and county employees that Hyatt alleges:

- The state has refused to preserve evidence relating to his arrest.
- He has been moved between jails unnecessarily.
- His mail has been opened and inspected without his consent.
- He has been denied or deprived of property without sufficient justification.
- He has been denied religious property.
- He has been delayed access to or charged for legal materials.
- He has been denied access to "products or services necessary for the proper maintenance" of his health.
- He has been denied personal hygiene supplies.
- He has been denied adequate meals.
- He has been denied adequate medical, dental or mental healthcare.
- His checks and money-orders have been "auto-endorsed" and cashed without his consent.

3

- He has been subjected to unsafe and unsanitary conditions of confinement.

- He has been subjected to cruel and unusual punishment.

- He has been subjected to physical, verbal and administrative retaliation, harassment and humiliation.

- He has been threatened and physically assaulted by staff.

- He has been housed with dangerous cellmates.

- He has been assigned to dirty cells.

- His cell had a plumbing problem.

Sometimes when a *pro se* plaintiff's complaint violates Rule 20, the court will try to sort the claims into groups that go together and make each group into its own separate potential lawsuit. Then the court will direct the plaintiff to choose which one(s) he wishes to pursue, one lawsuit at a time. Here, however, Hyatt's allegations are too vague and too broad for the court even to try to sort them out. This leads to a problem for Hyatt under Rule 8 of the Federal Rules of Civil Procedure.

Hyatt's claims do not provide enough detail to give notice to any defendant, or to this court, as to what the claims are. This lack of detail violates Rule 8, which requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that Hyatt must allege facts with enough to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough for a pleading to offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, the

pleading must be "supported by factual allegations" that allow an inference that the plaintiff is entitled to relief. *Id.* at 679.

Hyatt's complaint does not meet this standard. *First*, his claims are almost entirely based on conclusory statements and vague allegations. Hyatt includes no specifics about how and when he believes his rights were violated or even at which jail. For example, he includes no specific examples describing when his mail was opened improperly, what medical needs were ignored, or what religious property was denied. Instead, Hyatt merely alleges generally that various of his constitutional rights were violated. These bare statements do not satisfy Rule 8. *Second*, Hyatt has failed to identify any specific defendant who was involved in any particular incident. Without this information, the court cannot determine whether Hyatt has any viable claims that may proceed past screening, or how Hyatt's claims might be reorganized in a way that satisfies Rule 20.

III. **Correcting the Deficiencies in Plaintiff's Complaint.**

Hyatt's complaint fails to name any proper defendant, it violates Rule 20 and it violates Rule 8. Therefore, Hyatt cannot proceed with his complaint at this time, but I will give him three weeks to file an amended complaint that fixes these problems. When filing his amended complaint, Hyatt should keep in mind the following:

1. **Limit the complaint to a single transaction and occurrence or one series of related transactions and occurrences.** As explained above, Hyatt cannot sue multiple defendants for unrelated actions. Hyatt's allegations range from inadequate medical care to denial of religious property. Therefore, in drafting an amended complaint, Hyatt should focus his allegations on one transaction or series of related transactions

5

and occurrences. If Hyatt concludes, as is almost certainly the case, that all of his claims cannot proceed in the same lawsuit, he may choose to divide his claims and file separate lawsuits for each related set of claims. He should be aware that he will owe a separate filing fee for each new lawsuit he files.

2. **Provide enough facts that explain "who, what, when, where, why."** Hyatt should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened, *specifically*, to make him believe he has a legal claim; (2) when it happened; (3) where it happened; (4) who did it; (5) why; and (6) how the court can assist him in relation to those events. Hyatt should take care to identify the specific actions taken by each individual defendant that he believes violated his rights. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

3. **Match specific claims to specific defendants.** Hyatt's complaint contains numerous alleged constitutional violations, but does not identify any individual defendants who were responsible. In his amended complaint, Hyatt should like the names of the defendants who are being sued under each claim.

If Hyatt does not provide an amended complaint that fixes the problems identified in this order by **November 15, 2016**, then he faces dismissal of this lawsuit with prejudice for failure to state a claim upon which relief may be granted. If this happens, then Hyatt likely will receive a "strike" in accordance with 28 U.S.C. § 1915(g). Once a prisoner receives three strikes, he is not allowed to proceed with any new lawsuits without first paying the full filing fee, except in very narrow circumstances.

ORDER

IT IS ORDERED that:

(1) Plaintiff Jason James Hyatt has until **November 15, 2016** to file an amended complaint that complies with the Federal Rules of Civil Procedure and names a proper defendant, or proper defendant, in the manner explained in this order.

(2) If Hyatt fails to file a properly amended complaint by this deadline, then this case will be referred to the presiding judge for him to dismiss this case for failure to state a claim upon which relief may be granted.

Entered this 25th day of October, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge