IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON JAMES HYATT,

       Plaintiff,      OPINION AND ORDER

v.

                    16-cv-383-wmc

PORTAGE COUNTY SHERIFF MIKE LUKAS,
CAPTAIN CORY NELSON and SERGEANT BOETTCHER,

       Defendants.

On June 14, 2018, the court granted *pro se* plaintiff Jason James Hyatt leave to proceed in this lawsuit on claims that defendants, employees at the Portage County Jail, violated his rights to access the courts and to equal protection. The parties are in the process of conducting discovery, which has led to several disputes culminating in defendants' Amended Motion to Compel Discovery Responses (dkt. 56). For the reasons that follow, I am granting in part and denying in part defendants' motion.

OPINION

Defendants seek an order: (1) compelling Hyatt to produce complete discovery responses, specifically responses to Defendants' Request for Admission No. 1, Interrogatory Nos. 4-5, 7-8, and 12, and Request for Production of Documents Nos. 2-4, 8, 13 and 14; (2) prohibiting Hyatt from using any documents not identified or produced in this lawsuit; and (3) awarding defendants' their costs and reasonable attorney's fees incurred in bringing this amended motion and the original motion. I'll address each request in turn.

A.  **Discovery responses**

Defendants complain that Hyatt's discovery responses are incomplete and his objections to their various requests lack grounding. Based on the record before me, defendants are correct, and I will walk through each type of request and explain Hyatt's obligations to respond.

**Request for Admission No. 1 and Interrogatory No. 2.** In Request for Admission No. 1 defendants ask Hyatt to admit that Exhibit 1, defendants' record of the grievances and appeals that Hyatt filed with the Portage County Jail between January 27, 2016, and July 5, 2017, does indeed constitute all of the grievances and grievance appeals that Hyatt filed with Portage County Jail from January 27, 2016, to July 5, 2017. Interrogatory No. 2 followed up on Request for Admission No. 1 by asking: "If you failed to admit Request No. 1 above, please provide the following information: a. The factual bases for your refusal to admit; b. All individuals who you claim support your refusal to admit; and c. Copies of all documents that you claim support your refusal to admit."

Plaintiff's initial response to Request to Admit No. 1 stated "No (e.g. Improper Defendants)." In response to defendants' motion, plaintiff represents that he "does not feel comfortable at this time in stating affirmatively that Defendants have provided all of the grievances and grievance appeals that Plaintiff filed with the Portage County Jail from 1/27/2016 to 7/5/2017 (Exhibit 1)." (Dkt. 63.) Plaintiff's response to Interrogatory No. 2 makes little sense. He states: "The Portage County Jail is a building - [sic] they are not suable defendants or entities under 42 U.S.C. § 1983 (See: Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012))."

Defendants seek to compel a response to Request for Admission No. 1 because this request relates directly to their affirmative defense that plaintiff failed to exhaust his administrative remedies. Defendants' request is a fair one since Hyatt has not responded with "Admit" or "Deny," and they are entitled to pursue a definitive response from him, even in light of his *pro se* status. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is well established that *pro se* litigants are not excused from compliance with procedural rules."). Accordingly, I am directing Hyatt to respond to Request for Admission No. 1 as follows: within 30 days of this order, Hyatt must either "Admit" or "Deny" this request. If Hyatt believes in good faith that he filed additional grievances or appeals, then he should deny the request. If he denies it, then Hyatt must respond to Interrogatory No. 2 by explaining *why* he honestly believes that Exhibit 1 does not include all of the grievances and appeals that he filed during this time frame, and he must report what efforts he is taking to obtain documents confirming that he actually has filed other grievances or appeals. If Hyatt fails to "Admit" or "Deny" this request within 30 days of the date of this order, then Request for Admission No. 1 will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) (request for admission is deemed admitted if not responded to within 30 days of service).

**Interrogatory Nos. 4-5, 7-8.** In Interrogatories 4 and 5, defendants requested information about individuals who know about the losses and damages Hyatt claims in this lawsuit, and in Interrogatories 7-8, they seek information regarding individuals who have knowledge about the facts comprising Hyatt's claims in this lawsuit. These are straightforward requests, but Hyatt objected on the basis that they are vague, ambiguous,

3

require speculation, overly broad, and unduly burdensome, and he argues that defendants have not specified whether defendants want the names of employees or other prisoners at the jail.

Hyatt's objection is not well-taken. Defendants are entitled to learn the identities of individuals who have knowledge about Hyatt's claims, which includes prisoners and jail employees alike. Accordingly, I'm granting defendants' motion to compel as follows: within 30 days of this order, Hyatt is required to respond to Interrogatory Nos. 4-5 and 7-8, doing his best to provide defendants with the names of *all* of the individuals that may know about his claims or his damages and losses, without concern about their identities. To the extent Hyatt is worried that his response may be incomplete or contain an error, Federal Rule of Civil Procedure 26(e) anticipates such errors and omissions by providing that parties are to supplement or correct incomplete or incorrect discovery responses in a timely manner. Hyatt cannot avoid responding to these interrogatories merely because he believes that his response may not be complete or accurate; he must do his best to give defendants the answers to which they are entitled and then he must supplement his responses if he later learns more information about his claims and related damages.

**Interrogatory No. 12.** In this interrogatory, defendants request the following details related to Hyatt's criminal convictions: dates of conviction, courts in which he appeared, charges, dispositions; and sentences. Defendants explain that this information is potentially relevant for impeachment purpose, presumably under Federal Rule of Evidence 609. While Hyatt objected to this request as unduly repetitive, redundant, and burdensome, he also responded in his opposition brief that he has never been convicted of

4

any crime anywhere other than the State of Wisconsin. A search of Hyatt's name on the Wisconsin Circuit Court Access website confirms that Hyatt has been a defendant in one criminal proceeding, *State v. Jason J. Hyatt*, Case No. 2016CF395, *available at* https://wcca.wicourts.gov (last visited Dec. 3, 2018).

Defendants accept Hyatt's representation, but still want Hyatt to provide the details of this conviction, even though Hyatt's ability to research the details of his conviction is limited by his confinement. While I suspect that Hyatt knows the details of his own conviction, I am not persuaded that for impeachment purposes, defendants need anything beyond Hyatt's concurrence that what is available on the CCAP website is accurate. Accordingly, I am denying defendants' motion to compel with respect to this interrogatory.

**Request for Production of Documents No. 2**. In this request, defendants ask Hyatt to produce documents he consulted and relied on to respond to defendants' written discovery requests. Again, Hyatt objected on the grounds that the request is vague, ambiguous, and requires speculation. This information is within Hyatt's personal knowledge because *he* is the one that responded to the discovery requests, so Hyatt is ordered to produce such documents within 30 days of this order.

**Request for Production of Documents No. 4**. In this request, defendants ask for documents supporting Hyatt's losses and damages related to his claims in this case. Hyatt objected on the basis that he cannot produce those documents without conducting discovery. This is not a valid objection because Hyatt is free to conduct discovery on this topic. Accordingly, within 30 days of this order, Hyatt should either serve defendants with discovery requests that will provide this information or identify the documents in

5

defendants' possession that would be responsive.  Again, if Hyatt is concerned that his response may not be complete, he still has the ability to supplement his response.

**Request for Production of Documents No. 3** seeks documents supporting Hyatt's refusal to admit Request for Admission No. 1, related to Exhibit 1; **Request for Production of Documents No. 8** seeks grievances and grievance appeals related to Hyatt's access to legal papers, and **Request for Production of Documents Nos. 13-14**, seek documents related to how defendants treated differently from other similarly situated inmates regarding phone use and canteen access.

Hyatt objects to these requests as moot, but this is incorrect.  As to Request for Production No 3, Hyatt's response to Request for Admission No. 1 is that he is unsure whether Exhibit 1 comprises all of the grievances he submitted.  Hyatt's access-to-courts and equal protection claims are ongoing, so defendants are entitled to discovery related to them.  Accordingly, within 30 days of the date of the order, if Hyatt has any other documents showing that Exhibit 1 is incomplete, then he must produce them, along with any grievance or grievance appeals related to his access to legal papers, as well as any documents he possesses related to his contention that defendants intentionally treated him differently from other similarly situated inmates.  Again, Hyatt is obliged to do his best to produce the materials in his control; he will not be violating the Federal Rules of Civil Procedures if he makes a reasonable mistake or later obtains additional documents responsive to this request, so long as he supplements his responses by producing such materials to defendants as promptly as possible.

B.  Documents Not Identified or Produced

Next defendants seek an order precluding Hyatt from relying on any documents not identified or produced during this proceeding. This is a fair request but at this point I'm going to limit my order to dispositive motions: Hyatt may not rely on any document in opposition to a motion for summary judgment that he has not produced (or that defendants haven't produced) by the deadline for the parties' to file dispositive motions: **March 29, 2019**.

C.  Fees and Costs

I am denying defendants' requests for fees and costs. Notwithstanding Rule 37(a)(5)'s no-fault stance on cost-shifting, pursuant to Rule 37(a)(5)(A)(iii), this court does not ordinarily shift costs against pro se litigants when they lose discovery disputes, absent sufficiently aggravating factors. It is fair to characterize Hyatt and defense counsel's dynamic as counterproductive, and Hyatt's resistance to defendants' discovery requests suggest an attempt at gamesmanship that may warrant cost-shifting if Hyatt continues to approach his lawsuit in this manner. However, I will give Hyatt the benefit of the doubt and expect his behavior to change once he reviews this order and considers the following potential consequences to his failure to respond to reasonable discovery requests in a reasonable and timely manner. **If Hyatt persists in obstructing the progression of this lawsuit, then he not only will face a court order shifting the fees and costs in favor of defendants, but defendants will have a valid basis to pursue a motion to dismiss, either for Hyatt's failure to prosecute or as a sanction for his failure to follow this**

7

**order.** With that said, I am denying defendants' request for fees and costs at this time.

ORDER

IT IS ORDERED that defendants' motion to compel (dkt. #56) is GRANTED in part and DENIED in part, as provided above.

Entered this 7th day of December, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge