IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON JAMES HYATT,

                  Plaintiff,                  OPINION AND ORDER

v.

                                      16-cv-383-wmc

PORTAGE COUNTY SHERIFF MIKE LUKAS,
CAPTAIN CORY NELSON and SERGEANT BOETTCHER,

                  Defendants.

On June 14, 2018, the court granted *pro se* plaintiff Jason James Hyatt leave to proceed in this lawsuit on claims that defendants, employees at the Portage County Jail, violated his rights to access the courts and to equal protection. The parties are in the process of briefing defendants' motion for summary judgment; meanwhile Hyatt has several motions that require resolution, including three motions for assistance in recruiting counsel (dkt. 45, 71, 84), a request for the transcript of Hyatt's deposition (dkt. 62), a request for a deadline (dkt. 67), and most recently, a motion to deny or stay defendants' motion for summary judgment (dkt. 83). For the reasons that follow, I am denying Hyatt's motions, but I will give him an additional two weeks to respond to defendants' motion for summary judgment.

I.      **Motions for deadline and for transcript (dkt. 62, 67)**

I am denying Hyatt's motions seeking a transcript of his deposition and for a court deadline. Defendants have filed a copy of Hyatt's deposition transcript, so it's reasonable to infer that Hyatt already has received a copy. If I am wrong, Hyatt may reach out to

defendants to request an additional copy of his deposition transcript, but he should not submit another request to the court for this transcript unless defendants refuse his request.

Hyatt's request for a deadline was prompted by a desire for additional time in the law library. That request is moot now that the court has set a deadline for Hyatt to respond to defendants' motion for summary judgment. Going forward, Hyatt must be sure to follow Waupun Correctional Institution's procedures for requesting additional access to the law library or legal materials.

## II. Motions for assistance in recruiting counsel (dkt. 45, 71, 84)

In his motions seeking recruitment of counsel, Hyatt's main complaint is that he has lost some of his legal materials, and his limited access to legal materials and the law library prevent him from litigating his claims. As a starting point, a pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Hyatt has satisfied these two requirements.

However, Hyatt has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question

2

is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655.

We may have discussed this at Hyatt's telephonic preliminary pretrial conference, but this court would gladly match up every pro se litigant in this court with a volunteer attorney if it could. The problem is that every year this court receives over 300 pro se civil lawsuits—most from state prisoners---but we have a pool of only 30 attorneys who will take at most one case a year. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

While I accept that Hyatt's access to legal resources is limited and he is untrained in the law, nearly all pro se litigants are untrained in the law and many of them deal with similar limitations associated with incarceration. These things do not establish that the legal and factual difficulties of this case exceed Hyatt's abilities. Actually, Hyatt's filings indicate the opposite. Hyatt is proceeding in this lawsuit on (1) an access to courts claim arising from his allegations that in September of 2016 he was denied access to his legal files prior to a hearing on a motion to withdraw his plea in his criminal case, which caused him to lose his case, and (2) a Fourteenth Amendment equal protection class of one claim related to defendants' allegedly arbitrary restrictions on his use of telephones, the canteen and property in his cell. Hyatt's filings demonstrate that he is more than capable of

responding to defendants' proposed findings of fact and legal arguments related to these claims. For one, the court laid out the legal standards in the screening order and Hyatt has made it clear that he reads and reviews the court's orders.

Additionally, in seeking a stay of these proceedings, Hyatt already has responded substantively to many of defendants' proposed findings of fact and legal arguments related to his equal protection and access to courts claims. These submissions show that Hyatt remembers the materials events and has the intellectual ability to respond to defendants' proposed facts and legal arguments adeptly, despite the fact that he has lost access to some of his legal materials.

Accordingly, I am not convinced that Hyatt requires the assistance of an attorney to respond to defendants' motion for summary judgment, so I am denying his motions without prejudice. If this case proceeds to trial, then Hyatt may renew his motion, although he will need to provide specific reasons why can cannot litigate his claims at trial.

### III. Motion to stay or deny defendants' motion for summary judgment (dkt. 83)

Finally, Hyatt asks the court either to stay this matter or to deny defendants' motion for summary judgment. In this 20-page motion, Hyatt claims that the court should grant his requests because he needs to conduct more discovery, he lacks adequate access to legal materials, he has lost many of his legal materials related to this case, and he still has issues with the claims upon which he is proceeding. None of these arguments warrants a stay or a denial of defendants' motion.

First, I am unpersuaded that Hyatt's dissatisfaction with the court's narrowing of his claims is a reason to stay this case. Indeed, Hyatt has not sought reconsideration of the leave to proceed order, and defendants' motion for summary judgment is limited to Hyatt's access to courts and equal protection claims. Hyatt's apparent frustration with Judge Conley's construction of his claims is not a basis to stay this lawsuit or deny defendants' motion.

More importantly, Hyatt also responds specifically to defendants' facts and argument related to: (1) their exhaustion of administrative remedies defense, (2) his telephone and canteen use, (3) how other prisoners commented on how Hyatt was being treated differently than other inmates, (4) the amount of property he was allowed in his cell, (5) the applicable legal standard, and (6) his criminal appeal and placement. While Hyatt claims that there are too many factual inaccuracies in defendants' submission for him to respond, and that he needs to develop his claims further, his apparent grasp of the relevant facts suggests that he is more than capable of responding without conducting further discovery. In fact, it seems that Hyatt should be able to respond to a significant number of defendants' proposed findings of fact with averments from his own declaration. Accordingly, I am denying this motion. Hyatt should do his best to respond to defendants' motion, using Judge Conley's summary judgment procedures, a copy of which will be sent to him along with this order.

All of this being so, because there is some room in the trial schedule, I will give Hyatt an additional two weeks to prepare his opposition materials. Hyatt should not expect any more extensions.

ORDER

IT IS ORDERED that:

1) Plaintiff Jason Hyatt's request for transcripts (dkt. 62) and a deadline (dkt. 67) are DENIED as moot.

2) Plaintiff's motions for assistance in recruiting counsel (dkt. 45, 71, 84) are DENIED without prejudice.

3) Plaintiff's motion to stay or deny defendants' motion (dkt. 83) is DENIED.

4) The clerk of court is directed to send plaintiff a copy of Judge Conley's summary judgment procedures along with this order.

5) The summary judgment deadlines are adjusted as follows: plaintiff opposition brief is due **May 15, 2019**, and defendants' reply is due **May 27, 2019.**

Entered this 22nd day of April, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge